UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LINDSAY AMOS, | CASE NO. 3:24-cv-05335-DGE |
| Plaintiff, | ORDER GRANTING CONTINUANCE (DKT. NO. 32) |
| v. | |
| KALAMA SCHOOL DISTRICT et al., | |
| Defendant. | |

Defendants move for continuance of the upcoming trial date in this matter, set for June 16, 2025. (Dkt. Nos. 16; 32 at 2.) Defendants request continuance because trial counsel Haley Moore is due to give birth in late May 2025 and begin maternity leave on May 19, 2025. (Dkt. No. 33 at 2.) Ms. Moore is the assigned trial counsel for defendants, who has handled discovery and depositions. (*Id.* at 1–2.) Due to "health and privacy concerns of counsel," Defendants only recently learned of the expected maternity leave. (*Id.* at 2; Dkt. No. 35 at 1–2.)

Scheduling orders may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Plaintiff does not contest that pregnancy and maternity leave constitute

ORDER GRANTING CONTINUANCE (DKT. NO. 32) - 1

1  "good cause" but argues that Defendants can go to trial without Ms. Moore, as another attorney
2  has also appeared in this matter and there are numerous attorneys in the firm.  (Dkt. No. 34 at 1.)
3  Plaintiff further argues that she should not have to wait for a trial, hoping to bring this "painful
4  and traumatic chapter of her life" to a close.  (*Id.* at 2.)[1]  Defendants argue that Plaintiff may not
5  "ascribe the availability of Defendants' attorneys, or other attorneys in their firm" and that they
6  will be prejudiced if Ms. Moore is unable to participate in trial because of the extensive work she
7  has done to prepare the case, while Plaintiff has not demonstrated any hardship from a
8  continuance.  (*See* Dkt. No. 35 at 2–3.)

9        The Court will GRANT the continuance because pregnancy and childbirth are
10 undoubtedly "good cause" to modify the scheduling order, and because Plaintiff has not
11 identified any specific source of prejudice (e.g., unavailability of witnesses) that would result
12 from a delay.  The Court is reviewing the fully briefed Motion for Summary Judgment that may
13 ultimately obviate the need for trial if granted (Dkt. No. 22), but will grant the requested
14 continuance now to avoid uncertainty.  In the meantime, within 14 days of this order, the Parties
15 SHALL file a new Joint Status Report that identifies trial availability after Ms. Moore returns
16 from maternity leave.

17       Dated this 7th day of March, 2025.

David G. Estudillo
United States District Judge

---

[1] Plaintiff's response brief states: "June 16 is a huge day in plaintiff's life, as significant to her as the child's birth is to its parents, a target for when her case can be completed at 'full term'[.]" The Court notes that labor and childbirth are serious and life altering medical events. Analogizing the outcome of a legal matter to the pregnancy status of opposing counsel is neither persuasive nor in good taste.