UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LINDSAY AMOS,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>KALAMA SCHOOL DISTRICT et al.,<br><br>　　　　　　　　Defendant. | CASE NO. 3:24-cv-05335-DGE<br><br>ORDER GRANTING SUMMARY JUDGMENT AS TO STATE LAW CLAIM |

**I    INTRODUCTION**

In this wrongful termination case, this Court previously denied Defendants' motion for summary judgment with respect to Plaintiff's First Amendment retaliation claim, but granted summary judgment with respect to Plaintiff's state whistleblower act claim (to the extent Plaintiff was pursuing such a claim). (*See* Dkt. No. 40.) The Court further held that Plaintiff had insufficient opportunity to respond to Defendant's putative motion for summary judgment on Plaintiff's wrongful, constructive discharge claim, which had only been raised in a reply brief, and afforded Plaintiff an opportunity to respond. (*Id.* at 24–25.) Plaintiff has since filed her

ORDER GRANTING SUMMARY JUDGMENT AS TO STATE LAW CLAIM - 1

supplemental brief. (Dkt. No. 41.) Having reviewed that brief, the Court concludes that there is no genuine dispute of material fact as to the wrongful discharge claim, and GRANTS summary judgment as to that claim.

## II  DISCUSSION

The Court assumes familiarity with the facts of this case, discussed extensively in the prior Order. (Dkt. No. 40 at 2–8.) At issue here is Plaintiff's claim for wrongful, constructive discharge in violation of public policy. (*See* Dkt. No. 1 at 17.) The Court briefly discussed the elements of such a claim in its prior Order (Dkt. No. 40 at 23–24) and expands on that analysis here.

Washington recognizes a common law claim of constructive, wrongful discharge in violation of public policy. *See Snyder v. Med. Serv. Corp. of E. Washington*, 35 P.3d 1158, 1161 (Wash. 2001) (en banc). This tort is a combination of two distinct claims. First, the elements of wrongful termination in violation of public policy are: "(1) the employee's discharge may have been motivated by reasons that contravene a clear mandate of public policy, and (2) the public-policy-linked conduct was a significant factor in the decision to discharge the worker." *Peiffer v. Pro-Cut Concrete Cutting & Breaking Inc.*, 431 P.3d 1018, 1031 (Wash. Ct. App. 2018). Second, the elements of constructive discharge are: "(1) the employer deliberately made working conditions intolerable, (2) a reasonable person in the employee's position would be forced to resign, (3) the employee resigned because of the intolerable condition and not for any other reason, and (4) the employee suffered damages as a result of being forced to resign." *Id.* (citing *Barnett v. Sequim Valley Ranch, LLC*, 302 P.3d 500 (Wash. Ct. App. 2013). When a plaintiff asserts the "hybrid" claim of wrongful, constructive discharge in violation of public policy,

> the elements of a constructive discharge claim supplant the second element of the wrongful termination in violation of a public policy claim. The first element of the tort

1     claim applies, although it is modified to address whether the intolerable condition that led the employee to resign contravened a clear mandate of public policy.  All four elements
2     of a constructive discharge claim apply.

3 *Id.*; *see also* Wash. Pattern Jury Instructions 330.51, Note On Use ("For a claim of constructive

4 discharge in violation of public policy, the jury should also be instructed on the four elements of

5 a constructive discharge claim in WPI 330.52").  Critically, the constructive discharge standard

6 is an objective one, and "an employee's subjective belief that he had no choice but to resign is

7 irrelevant." *Barnett,* 302 P.3d at 505 (quoting *Travis v. Tacoma Pub. Sch. Dist.*, 85 P.3d 959,

8 964 (Wash. 2004)).  Likewise, "[t]he question of whether the working conditions were

9 intolerable is one for the trier of fact, unless there is no competent evidence to establish a claim

10 of constructive discharge." *Haubry v. Snow*, 31 P.3d 1186, 1192 (Wash. Ct. App. 2001).

11         Here, the Court assumes that there is a dispute of material fact as to the first aspect of the

12 claim, violation of public policy, for the reasons stated in the Court's analysis denying summary

13 judgment on the First Amendment retaliation claim.  (*See* Dkt. No. 40 at 18–20.)  However, the

14 Court finds that there is no dispute of material fact as to an objectively intolerable condition

15 amounting to constructive discharge.  The record shows that Plaintiff was deeply upset by her

16 involuntary transfer from reading specialist to first grade instructor and it may have been

17 subjectively intolerable to her, but there is no "competent evidence" in the record that her

18 working conditions were objectively intolerable such that a reasonable person would have been

19 forced to resign.

20         In the Court's prior Order, it directed Plaintiff to cite record evidence establishing

21 constructive discharge.  (Dkt. No. 40 at 25.)  Neither the evidence Plaintiff cited nor the record

22 as a whole establish that her working conditions became objectively intolerable.  Plaintiff stated

23 that being a reading specialist was her "dream job" and that "to just throw me back into first

24

ORDER GRANTING SUMMARY JUDGMENT AS TO STATE LAW CLAIM - 3

grade – it was sort of ironic" and "it was just awful." (Dkt. No. 23-1 at 40.) Plaintiff personally believed that her job became "intolerable." (*Id.* at 44.) After learning of the transfer on Thursday March 30, before spring break, she "could not physically or emotionally go to school Friday" and after the break, "I took medically supported, work stress related FMLA for the rest of the year." (Dkt. No. 26 at 6.) Plaintiff's brief states that "Whether objectively reasonable or not" she "was so distressed by the hostility and toxicity of my involuntary transfer that I never filed for unemployment benefits . . . It broke my heart to be forced out of my dream job at my dream school." (Dkt. No. 41 at 2) (quoting Dkt. No. 26 at 7.) But whether the working conditions were "*objectively reasonable or not*" is the key inquiry here. The record establishes that the involuntary transfer was deeply distressing to Plaintiff, but not that it was impossible for her to continue in her position as a classroom instructor because it had become objectively intolerable.

In her response, Plaintiff argues that Defendants have failed to carry their burden to establish entitlement to summary judgment under Federal Rule of Civil Procedure 56(c)(1). (Dkt. No. 41 at 3.) This argument states only half of the equation and misstates the Parties' respective burdens. Under the rule, a movant may support their motion by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). Here, Defendants claim that "Plaintiff has entirely failed to assert any intolerable working conditions, and such is not borne out in the evidence presented by any party." (Dkt. No. 30 at 11.) But "[w]here, as in this case, the defendant has invoked Rule 56 and asserted a lack of supporting evidence, the plaintiff must establish the existence of a triable issue which is both genuine and material to his claim." *Pagano v. Frank*, 983 F.2d 343, 347 (1st Cir. 1993) (Selya,

J.). "On issues where the nonmovant bears the ultimate burden of proof at trial . . . the nonmovant must 'present definite, competent evidence to rebut the motion.'" *Id.*; *see also Weg v. Macchiarola*, 995 F.2d 15, 18 (2d Cir. 1993) ("If the movant satisfies the burden of establishing that there is no genuine issue of material fact, then the burden shifts to the nonmovant to proffer evidence demonstrating that a trial is required because a disputed issue of material fact exists."); *Nowick v. Gammell*, 351 F. Supp. 2d 1025, 1033 (D. Haw. 2004) ("Summary judgment will thus be granted against a party who fails to demonstrate facts sufficient to establish an element essential to his case when that party will ultimately bear the burden of proof at trial."). Here, Plaintiff cannot defeat the motion by simply invoking Defendants' burden; she bears the burden of proof at trial on her wrongful, constructive discharge claim and needs to come forward with evidence establishing a genuine dispute of fact as to that claim. She has not done so, and so summary judgment is warranted.

### III    CONCLUSION

Accordingly, the Court GRANTS summary judgment as to Plaintiff's claim of wrongful, constructive discharge in violation of public policy. As a result, only Plaintiff's First Amendment retaliation claim remains live for trial. With all dispositive motions now resolved, the Parties should prepare for trial, and consider engaging in mediation.

Dated this 24th day of June, 2025.

David G. Estudillo
United States District Judge